**STATE OF MONTANA,**
    **Plaintiff,**                                  **No. DC-03-205**
**vs.**                                              **Decision**
**DAVID HALLFORD,**
    **Defendant.**

On March 14, 2005, the defendant was sentenced to the following: <u>Count I</u>: A commitment to the Department of Corrections for a term of Ten (10) years, with seven (7) years suspended, for the offense of Theft, a felony; <u>Count II</u>: A commitment to the Department of Corrections for a term of Ten (10) years, all suspended, to run consecutive to Count I, for the offense of Tampering with Witnesses and Informants, a felony; and <u>Count III</u>: A commitment to the Department of Corrections for a term of Ten (10) years, all suspended, to run concurrent with Count II, for the offense of Tampering with Physical Evidence, a felony.

On August 8, 2005, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Charles Umhey. The state was represented by George Corn, who appeared by telephone conference.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division of the Supreme Court of Montana provides that "the sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (§46-18-904(3), MCA).

The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

Therefore, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 8th day of August, 2005.

DATED this 17th day of August, 2005.

Chairperson, Hon. Gary L. Day, Member, Hon. John Whelan and Member, Hon. Randal I. Spaulding